IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL A. CAMPBELL, )
)
      Plaintiff, )
)
) CIV-13-1187-R
v. )
)
OKLAHOMA COUNTY DISTRICT )
    JUDGE VIRGIL BLACK, et al., )
)
      Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the sufficiency of the cause of action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed upon filing.

I. Statutory Screening of Prisoner Complaints

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. §1915(e)(2). After conducting an initial review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28

1

U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Plaintiff's Complaint

In his Complaint filed November 1, 2013, Plaintiff names as Defendants former Oklahoma County District Judge Virgil Black, Oklahoma County Assistant District Attorney Mike Fisher, the Oklahoma Board of Corrections, former Oklahoma Department of Corrections Director Justin Jones, Oklahoma Department of Corrections ("ODOC") Sentence Administrators Jim Rabon and Kevin Moore, and "John Does." Plaintiff does not describe the "John Does" other than to state that in light of Defendant Jones' retirement, he has named a "John Doe" Defendant who represents the current ODOC Director.

According to documentary evidence attached to the Complaint, Plaintiff was convicted

pursuant to a guilty plea in the District Court of Oklahoma County, Case No. CF-2004-1734, of the offense of Robbery with a Dangerous Weapon, and sentenced on January 12, 2009, to a 5-year term of imprisonment. A judgment and sentence entered in Case No. CF-2004-1734 reflects that pursuant to a plea agreement Plaintiff was ordered to serve the 5-year term of imprisonment concurrently with sentences entered for convictions in Case Nos. CF-2004-3266 and CF-2004-1850 but consecutive to sentence(s) entered for conviction(s) in Case No. CF-2003-3591, and that he was to be given "credit for time served" in connection with Case No. CF-2004-1734. Complaint, att. 2. The judgment and sentence also reflects that a charge or charges filed against Plaintiff in Case No. CF-2004-233 was "dismissed per plea agreement." Id.

In a separate criminal proceeding in the District Court of Oklahoma County, Case No. CF-2004-3266, Plaintiff was sentenced on January 12, 2009, to three five-year terms of imprisonment for three convictions for Robbery with a Dangerous Weapon. A judgment and sentence entered in Case No. CF-2004-3266 reflects that pursuant to a plea agreement Plaintiff was ordered to serve these sentences concurrently "with each other and with" sentences entered for convictions in Case Nos. CF-2004-1734 and CF-2004-1850 but consecutively to sentence(s) entered for conviction(s) in Case No. CF-2003-3591, and that he was to be given "credit for time served" in connection with Case No. CF-2004-3266. Complaint, att. 5. The judgment and sentence notes that charges in Case No. CF-2004-233 were "dismissed per plea agreement." Id.

In Case No. CF-2003-3591, Plaintiff entered guilty pleas and was convicted on January 9, 2009, of the offenses of Burglary in the Second Degree after prior felony convictions (count one), Possession of Burglar's Implements after prior felony convictions (count two), Aggravated

3

Eluding a Police Officer after prior felony convictions (count three), Driving Under the Influence of Alcohol (count four), Driving While Privilege Suspended (count five), Transporting an Open Container (count six), Possession of Controlled Dangerous Substance (count seven), and Possession of Paraphernalia (count eight).[1] Plaintiff was sentenced in counts one, two, and three to five year terms of imprisonment and in counts four, five, seven, and eight to one year terms of imprisonment, all to run concurrently with each other and with the sentence(s) in Case No. CF-2004-1850 and consecutively to sentences entered in Case Nos. CF-2004-3266 and CF-2004-1734.[2] Plaintiff has not alleged or demonstrated that the district court ordered that he be given credit for time spent in jail in connection with his convictions in Case No. CF-2003-3591.

In Case No. CF-2004-1850, Plaintiff was convicted on February 18, 2005, in a jury trial of the offense of Trafficking in Illegal Drugs after two or more prior felony convictions and sentenced to a 100-year term of imprisonment.[3]

According to the public records of the ODOC, Plaintiff is currently serving his 100-year term of imprisonment for his Trafficking conviction in Case No. CF-2004-1850 and his four, 5-year terms of imprisonment for his convictions in Case No. CF-2004-1734 and CF-2004-3266.[4] He has completed service of his sentences in Case No. CF-2003-3591 and discharged those

---

[1] http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype =caseGeneral&casemasterID=1668004&db=Oklahoma

[2] Plaintiff received only a fine for the misdemeanor conviction in count six.

[3] http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype =caseGeneral&casemasterID=1764255&db=Oklahoma

[4] http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema =PORTAL30&doc_num=124566&offender_book_id=28305

sentences. Plaintiff is presently incarcerated at the Dick Conner Correctional Facility located in Hominy, Oklahoma.

Plaintiff contends that ODOC has failed to credit his sentence with the jail-time credits to which he is entitled under his plea agreements. Plaintiff claims he was entitled to 1,415 days of jail-time credit in Case No. CF-2003-3591 and 1,715 days of jail-time credit in Case No. CF-2004-1734.[5] Plaintiff contends that he has not received those credits, and he terms the failure a "breach of contract," for which he seeks damages.

Plaintiff contends he raised the same issue in ODOC administrative proceedings and also by seeking post-conviction and mandamus relief in the District Court of Oklahoma County. He alleges he asked correctional authorities and the state courts to amend the judgments and sentences in his criminal cases in order to require the sentence in "the 2004 case . . . to be served first," before the sentences in the 2003 case. Plaintiff does not explain how the order in which he served his sentences could have adversely affected the issue of jail-time credits.

III. <u>Judicial Immunity</u>

Plaintiff has sued former Oklahoma County District Judge Virgil Black, who he alleges presided over at least some of Petitioner's state court criminal proceedings. A state judge is absolutely immune from liability in a 42 U.S.C. § 1983 action for the performance of all actions taken in the judge's judicial capacity. <u>Stump v. Sparkman</u>, 435 U.S. 349, 362-364 (1978). See <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199-200 (1985)(judicial "immunity applies 'however

---

[5]Plaintiff conspicuously omits a claim seeking jail-time credit for his sentence in Case No. CF-2004-3266. Plaintiff also conspicuously fails to allege that the judgment and sentence in Case No. CF-2003-3591 directed that he be given credit for time spent in jail.

erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'")(quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872)); Crudup v. Schulte, 12 Fed. Appx. 682, 686 (10th Cir. 2001)(affirming district's finding that judge was entitled to absolute immunity for his act of finding probable cause and binding plaintiff over for trial).

Former District Judge Black is absolutely immune from Plaintiff's 42 U.S.C. § 1983 action against the judge for his actions taken in his judicial capacity. Therefore, the cause of action against Defendant Black should be dismissed pursuant to 28 U.S.C. § 1915A and §1915(e)(2) on the ground of immunity.

IV. Prosecutorial Immunity

Plaintiff has sued a state prosecutor, Defendant Fisher. Plaintiff alleges that Defendant Fisher prosecuted Plaintiff in Oklahoma County District Court. A prosecutor is entitled to absolute immunity concerning advocacy-related decisions in initiating a prosecution and presenting the State's case. Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994)("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions")(quotations omitted).

This immunity extends to prosecutors' "decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." Nielander v. Board of County Com'rs of County of Republic, Kan., 582 F.3d 1155, 1164 (10th Cir. 2009). This

immunity is not defeated by allegations of perjury, suppression of evidence, or other wrongdoing. Esquibel v. Brian Williamson, 421 Fed.Appx. 813, 816 (10th Cir. 2010)(unpublished op.)("Absolute prosecutorial immunity applies to both claims that a prosecutor willfully used perjurious testimony and claims that a prosecutor willfully suppressed evidence.").

Defendant Fisher is absolutely immune from Plaintiff's action seeking damages under 42 U.S.C. § 1983 for actions taken by Defendant Fisher in his role as a prosecutor associated with the criminal proceedings against Plaintiff in Oklahoma County District Court. Therefore, the cause of action against Defendant Fisher should be dismissed pursuant to 28 U.S.C. §1915A and §1915(e)(2) on the ground of immunity.

V. Eleventh Amendment Immunity

Plaintiff has not alleged whether he is suing Defendants Jones, Rabon, Moore, "John Doe," and the Oklahoma Board of Corrections in their official or individual capacities. Thus, it is assumed they are sued in both capacities. With respect to Plaintiff's claims against these Defendants in their official capacities, these Defendants are immune from liability pursuant to the Eleventh Amendment. See Ruiz v. McDonnell, 299 F.3d 1173, 1180-1181 (10th Cir. 2002)(Eleventh Amendment immunity defense is challenge to federal court's subject matter jurisdiction).

The Eleventh Amendment bars an action for money damages in federal court against a state by the citizens of that state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). This immunity extends to actions against a state agency, Pennhurst State School & Hosp. v.

Halderman, 465 U.S. 89, 100 (1984), and to state officials acting in their official capacities. Edelman v. Jordan, 415 U.S. 651, 662-663 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 and n. 10 (1989). Defendants Jones, Rabon, Moore and "John Doe, as employees of ODOC, are immune from Plaintiff's claims seeking monetary damages. See Eastwood v. Dep't of Corr. of State of Okl., 846 F.2d 627, 631 (10th Cir. 1988)("[T]he DOC is an arm of the state and should be entitled to [Eleventh Amendment] immunity.").

Accordingly, Plaintiff's claims against Defendants Jones, Rabon, Moore, "John Doe," and the Oklahoma Board of Corrections in their official capacities should be dismissed with prejudice.

VI. Plaintiff Cannot Seek Relief From His Convictions and Sentences Under Section 1983 At This Time

Plaintiff alleges in the Complaint that he was deprived of his rights under the Due Process Clause of the United States Constitution and entitled to damages because his plea agreements were "breached" and some of his sentences have not been credited with pre-sentence time he spent in jail. Plaintiff has not stated a plausible § 1983 claim for relief.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that damages may not be recovered in a 42 U.S.C. § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence

8

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 487. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). To the extent Plaintiff seeks damages for the alleged breach of one or more plea agreements, his § 1983 action is barred by Heck's preclusionary rule.

To the extent Plaintiff's allegations challenge the execution of his sentences, he cannot seek § 1983 relief concerning these claims.[6] See Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)("A prisoner may use § 1983 to challenge the conditions of his confinement, but habeas corpus is the only avenue for a challenge to the *fact* or *duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement."); see also McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" (quoting Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir.

---

[6]Even if Plaintiff did attempt to raise the same claims in a § 2241 habeas proceeding, it appears that his claims would be barred by the statute of limitations prescribed in 28 U.S.C. §2244(d).

9

1993)(citation omitted))).

Documentary evidence attached to the Complaint reflects that the sentencing court ordered Plaintiff's sentences in Case Nos. CF-2004-1734 and CF-2004-3266 to be served consecutively to his sentences in Case No. CF-2003-3591. ODOC apparently determined that Plaintiff should serve his sentences in Case No. CF-2003-3591 prior to service of his sentences in Case Nos. CF-2004-1734 and CF-2004-3266. Plaintiff contends that he cannot now seek habeas relief because he has discharged the sentences in Case No. CF-2003-3591 and that he is therefore entitled to monetary relief.

Plaintiff has alleged only a violation of state law, however, as he seeks relief only with respect to ODOC's and the state courts' interpretation of state law concerning the running of consecutive and concurrent sentences. "Section 1983 does not . . . provide a basis for redressing violations of state law, but only for those violations of federal law done under state law." Jones v. City and County of Denver, 854 F2d 1206, 1209 (10th Cir. 1988). See House v. Hatch, 527 F.3d 1010, 1028 (10th Cir. 2008)("A state court's interpretation of its own law is binding on a federal court conducting habeas review."). Therefore, he has failed to state a plausible claim for § 1983 relief, and his cause of action should be dismissed.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed upon filing[7] pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim

---

[7]The dismissal should be with prejudice with respect to his claims against Defendants Black and Fisher and with respect to the official capacity claims against Defendants Jones, Rabon, Moore "John Doe," and the Oklahoma Board of Corrections and without prejudice as to the remaining Defendants.

upon which relief can be granted. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___January 7th___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this ___18th___ day of ___December___, 2013.

_____
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE